UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

ERIEUSE BRICE,

                          Plaintiff,

   -against-

WAL-MART STORES EAST, LP,

                          Defendant.
───────────────────────────────

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/2022

No. 20-cv-01644 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Erieuse Brice ("Plaintiff") brings this action against Defendant Wal-Mart Stores East, LP ("Wal-Mart"), alleging a common law claim of negligence after she fell on Wal-Mart's property. (ECF No. 4.) Before this Court is Wal-Mart's motion for summary judgment. (ECF No. 10.) For the foregoing reasons, Wal-Mart's motion is GRANTED in part and DENIED in part.

## BACKGROUND

    The following facts are derived from the record and the parties' Rule 56.1 statements. They are not in dispute unless otherwise noted.

    275 Main Street Associates, LP ("Associates") leased a portion of 275 Main Street, White Plains, New York ("275 Main Street") to Wal-Mart Real Estate Business Trust, who then subleased that portion of the premises to Wal-Mart. (Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("56.1") ECF No. 14 ¶¶ 2-4.) The primary lease between Associates and Wal-Mart Real Estate Business Trust (the "Lease") states that the Demised Premises includes:

> 175,340 square feet of space, constituting all of the usable space on Level 2 . . . and on Level 1 . . . of a certain nine (9) level building . . . including Lessee's four (4) exclusive loading docks . . . located on Level 1 of the Building . . . .

1

(Affidavit of John R. Petrowski ("Petrowski Aff.") ECF No. 11 Ex. F ¶ 1.)

The Lease further provides that the sidewalk at 275 Main Street is to be maintained by Associates. (56.1 ¶ 5.) Specifically, the Lease states, "Lessor shall maintain in good and useable repair . . . the exterior portions and structural elements of the Demised Premises . . . including, without limitation . . . curbs, sidewalks . . . ." (*Id.* ¶ 6; Petrowski Aff. Ex. F. ¶ 10.) In addition, the Lease defines "Common Areas" to include "areas of ingress and egress, sidewalks and other pedestrian ways." (Petrowski Aff. Ex. F ¶ 31.) Further, "[t]he maintenance by Lessor is to include but not be limited to the following: (a) Maintaining the surfaces of all sidewalks . . . in a level, smooth and evenly-covered condition . . . ." (56.1 ¶ 8; Petrowski Aff. Ex. F ¶ 31.)

On March 25, 2018, Plaintiff fell on the sidewalk in front of a Wal-Mart store located at 275 Main Street. (56.1 ¶ 1.) Plaintiff was injured, required hospital and medical care, and lost earnings and income. (Compl. ¶ 11.) On August 23, 2021, Wal-Mart filed a motion for summary judgment. (ECF No. 10.) Plaintiff filed an opposition (ECF No. 14), and Wal-Mart filed a reply memorandum (ECF Nos. 15 & 16.)

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, including depositions, documents, affidavits, or declarations "which it believes demonstrate[s] the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support an assertion that there is no genuine dispute of a particular fact by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P.

56(c)(1)(B).  If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  To oppose summary judgment, "[s]tatements that are devoid of any specifics, but replete with conclusions" will not suffice.  *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (holding the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co*., 607 F.3d 288, 292 (2d Cir. 2010) (holding the nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" (internal quotations and citations omitted)).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *accord Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013).  Courts must "draw all rational inferences in the non-movant's favor" when reviewing the record.  *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson*, 477 U.S. at 248).  Importantly, "the judge's function is not [] to weigh the evidence and determine the truth of the matter" or determine a witness's credibility.  *Anderson*, 477 U.S. at 249.  Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial."  *Id*. at 250.  A court should grant summary judgment when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case."  *Celotex*, 477 U.S. at 322.

## DISCUSSION

The parties are in agreement that New York law applies.  (Defendant's Memorandum of Law ("Mem.") ECF No. 13 at 3; Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ("Opp.") ECF No. 14 at 2.)  Under New York law, a plaintiff seeking to show a *prima facie* case of negligence must demonstrate "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach."  *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (citing *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir. 1995)).  In its motion, Wal-Mart alleges that it did not possess, control, or maintain the sidewalk where Plaintiff allegedly fell, and therefore it did not owe Plaintiff a duty of care.  (Mem. at 4.)  In response, Plaintiff avers both owners and tenants have a duty to maintain their property in reasonably safe condition.  (Opp. at 2.)

"Premises liability, as with liability for negligence generally, begins with duty . . . The existence and extent of a duty is a question of law."  *Alnashmi v. Certified Analytical Group, Inc.*, 89 A.D.3d 10, 13 (2d Dep't 2011).  "[L]iability for a dangerous condition on property is 'generally predicated upon ownership, occupancy, control or special use of the property' . . . Should none of these factors be present, liability cannot be imposed . . . ."  *Warren v Wilmorite Inc.*, 211 A.D.2d 904, 905 (3d Dep't 1995).  Therefore, when property has been leased to a tenant, he or she "owes a common-law duty of reasonable care to maintain the *demised premises* in a reasonably safe condition, independent of any obligation that might be imposed by the existence of a lease[.]"  *Williams v. Esor Realty Co.*, 117 A.D.3d 480, 480 (1st Dep't 2014) (emphasis added).

Here, the Lease clearly states that the sidewalk is not part of the Demised Premises leased to Wal-Mart, and that Associates would maintain the sidewalk and other common areas.

4

*See Masterson v. Knox*, 233 A.D.2d 549, 550 (3d Dep't 1996) ("[Defendant] had a license to park in the lot, but the right to use the parking lot does not establish control or give rise to a duty to warn . . . Without possession, or a right to maintain or control a common parking area, the tenant owes no duty of care with respect to any unsafe condition existing there . . . ."). Therefore, Plaintiff cannot succeed using this theory of liability.

However, Plaintiff raises several theories of liability in her complaint and in opposition to the motion. Specifically, Plaintiff argues that liability attaches where the defendant caused or created the dangerous condition in question. (Opp. at 2.) New York courts have held that liability may be imposed where "a landowner or a lessee creates a defective or dangerous condition on the property . . . ." *Warren,* 211 A.D.2d at 905; *see also McGill v. Caldors, Inc.*, 135 A.D.2d 1041, 1043 (3d Dep't 1987) ("[P]laintiffs were required to come forward with sufficient proof in evidentiary form to demonstrate that Caldor had, or was chargeable with, control of the parking lot where plaintiff fell, or that Caldor actually created the hazard."). Therefore, "in an action for personal injuries arising from a dangerous sidewalk condition, a tenant demonstrates its entitlement to summary judgment by submitting evidence that it neither negligently repaired the sidewalk nor caused the dangerous condition by some special use of the sidewalk or otherwise." *Blanco v. Avenue A Realty Corp.*, No. 150245/2011, 2013 WL 5459455 (Sup. Ct. N.Y. Cnty. Sept. 27, 2013) (citing *Taubenfeld v Starbucks Corp.*, 48 A.D.3d 310, 311 (1st Dep't 2008)).

Here, Wal-Mart has failed to produce evidence showing that it did not negligently repair the sidewalk or cause the dangerous condition in the sidewalk. While Wal-Mart alleges in its reply to Plaintiff's response to its Rule 56.1 statement that it "conduct[ed] a search for any records related to exterior sidewalk repairs for two years prior to the date of plaintiff's accident"

and that "it did not locate any maintenance records for repairs to the sidewalk outside the White Plains store from March 25, 2016 through March 25, 2018", (Reply to Plaintiff's Response to Defendant's Rule 56.1 Statement ("Reply 56.1") ECF No. 15 ¶ 6), this unsupported allegation is insufficient at the summary judgment stage. *See Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied"); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("[A] Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record."). While Wal-Mart did produce communications between itself and its legal counsel for *in camera* review as support, "[a] party may not submit new materials in a reply to meet its initial burden" of showing that there is no genuine dispute as to any material fact. *United States v. Hughes*, No. 1:14-CV-0719 (LEK/CFH), 2015 WL 729735, at *2 (N.D.N.Y. Feb. 19, 2015). Therefore, Wal-Mart has failed to show that it is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Wal-Mart's motion for summary judgment is GRANTED to the extent Plaintiff seeks to hold Defendant liable on the basis that it was statutorily or contractually responsible to maintain the sidewalk and DENIED on the basis that it caused or created a hazardous condition. The Court respectfully directs the Clerk of Court to terminate the motion at ECF No. 10.

Dated: March 23, 2022
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge